UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ARIONNA HART,**  Plaintiff,  v.  **CITY OF CANTON and CANTON POLICE DEPARTMENT,**  Defendants. | **2:24-CV-13292-TGB-APP**  HON. TERRENCE G. BERG  **ORDER DISMISSING PLAINTIFF'S COMPLAINT** |

Plaintiff Arionna Hart sues the City of Canton and the Canton Police Department for falsely arresting her in violation of 42 U.S.C. § 1983 and Michigan law. ECF No. 1. Hart requests permission to proceed in forma pauperis, that is, without prepaying the filing fees that would ordinarily apply. ECF No. 4.

For the reasons explained below, Hart's request to proceed without prepaying fees will be **DENIED** and the Complaint will be **DISMISSED WITH PREJUDICE**.

**I. BACKGROUND**

Plaintiff Arionna Hart ("Hart") brings this action against Defendants the City of Canton ("Canton") and the Canton Police Department ("CPD") for civil rights violations. ECF No. 1. According to the Complaint, on November 6, 2015, Hart was arrested during a traffic stop by Canton Police Officers. *Id.* at PageID.3. At the time of the arrest, Hart was in the passenger seat of the car that was stopped. *Id.* She was

1

detained and fingerprinted. *Id.* Following the arrest, Plaintiff alleges she suffered significant emotional distress and complex post-traumatic stress disorder ("C-PTSD"). *Id.* at PageID.3.

Hart later requested access to documents relating to the arrest, but was denied access to those documents by the Defendants. *Id.* Plaintiff further references body camera footage from November 6-8, 2015 that documents the arrest and detention. *Id.* at PageID.8. She also referenced a December 7, 2015 incident or judicial hearing at the 35th District Court in Plymouth that appears to relate to the traffic stop and arrest that occurred on November 6, 2015. ECF No. 2, PageID.11.

On December 10, 2024, Hart filed the instant case against CPD and the City of Canton and applied to proceed in district court without prepaying fees or costs. *Id.* at PageID.4; ECF No. 4, PageID.21. She alleges that the CPD violated her civil rights under 42 U.S.C. § 1983 by subjecting her to false arrest, intentional infliction of emotional distress ("IIED"), and deprivation of her constitutional rights under the Fourth and Fifth Amendments. ECF No. 1, PageID.1. She seeks $12,000,000.00 in compensatory damages for severe emotional and psychological distress from the arrest and detention, punitive damages for the Defendants' misconduct, and economic damages for the loss of career opportunities, income, and livelihood. *Id.* at PageID.7. Contemporaneously with her Complaint, Hart filed documents entitled "motion for summary

judgment" (ECF No. 3) and "demand for payment," which included a request for documents (ECF No. 2).

## II. LEGAL STANDARD

The Court may authorize a person to file a complaint without prepaying the filing fees if that person submits an affidavit demonstrating that they are "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

If a person is authorized to proceed in forma pauperis, the Court must review the Complaint to ensure that it states a plausible claim for relief, is not frivolous or malicious, and does not seek monetary relief against defendants immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the complaint fails any of these requirements, the court must dismiss it. *McGore v. Wrigglesworth*, 114 F.3d 601, 609 (6th Cir. 1997), *disapproved of by Newlin v. Helman*, 123 F.3d 429 (7th Cir. 1997).

Pro se complaints are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). But they must still comply with Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. Proc. 8(a)(2)-(3). Rule 8(a) does not require "detailed" factual allegations, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. DISCUSSION

### A. *In Forma Pauperis* Application

An individual need not be "absolutely destitute" to proceed in forma pauperis. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). But the affidavit supporting an application to proceed in forma pauperis must sufficiently establish that the applicant cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 342. The decision to grant or deny an application lies within the discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988). Courts evaluating applications generally consider an applicant's employment, annual income and expenses, and any other assets or property that individual may possess. *Giles v. Comm'r of Soc. Sec.*, No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014).

In the present case, Hart completed an Application to Proceed in District Court Without Prepaying Fees or Costs. ECF No. 4. This form requests information concerning the applicant's employer's name and address in a question that states: "If I am employed, my employer's name and address are:" In response to this question, Plaintiff wrote: "220 W. Congress St., Floor 2 #1006, Detroit Michigan, 48226." *Id.* at PageID.21. But she failed to provide the name of her employer. In fact, the address provided is the same one that Plaintiff provides on the face of her complaint, under her own name, where it states:

4

> ARIONNA HART,
> Plaintiff,
> Attention: Succor Enterprise
> c/o 220 W. Congress St, Floor 2, #1006, Detroit Michigan. [Near 48226]
> Contact No. 586-565-0977

ECF No. 1, PageID.1. But an Internet search reveals that the company called Succor Enterprise, located at that address, is an entity that offers power of attorney and fiduciary services, among other lines of business.

On the same form, Hart stated that her pay or gross wages were $0.00, and her take home pay or wages were also $0.00, and that she had no other sources of income, or any cash in a savings or checking account. *Id.* at PageID.21-22. She failed to state whether she has any assets any kind, such as an automobile, real estate, jewelry. *Id.* at PageID.22. She further failed to list any housing, transportation, utilities or other monthly expenses under the question seeking such information. *Id.*

As a result, Hart's answers are insufficient to enable the Court to evaluate whether she is entitled to proceed in form pauperis. *See Madkins v. Ocwen Financial Service*, No. 24-CV-02852-JPM-tmp, 2025 WL 336207 (W.D. Tenn. Jan. 22, 2015) ("A plaintiff seeking in forma pauperis status must respond fully to the questions on the court's in forma pauperis form[.]"). Hart failed to provide the name of any employer or any other information pertaining to her sources of income or expenses. It appears that Hart did not attempt to fill out the form in good faith. The information provided is not sufficient to allow a determination on indigency.

5

While the Court could permit Hart to correct the infirmities in her application to proceed in forma pauperis, or in the alternative to pay the filing fee, it would be futile to do so here because the case must be dismissed with prejudice, as explained below.

### B. Timeliness of the Action

While a statute of limitations is typically an affirmative defense that a plaintiff need not plead to state a claim, dismissal is appropriate when "the allegations in the complaint affirmatively show that the claim is time-barred." *Wershe v. City of Detroit,* 112 F.4th 357, 364 (6th Cir. 2024). When § 1983 claims arise in Michigan, "the appropriate statute of limitations … is [Michigan's] three-year limitations period for personal injury claims." *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (citing MCL § 600.5805). Furthermore, Michigan law established a two-year statute of limitations for assault, battery, and false imprisonment (which includes false arrest), and a three-year statute of limitations for a general personal injury claim such as intentional infliction of emotional distress. MCL § 600.5805(2).

The false arrest of which Hart complains occurred on November 6, 2015—more than nine years before she filed the instant case. *See D'Ambrosio v. Marino*, 747 F.3d 378, 384 (6th Cir. 2014) ("[A] cause of action accrues when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief."); MCL § 600.5827 (noting that accrual begins "at the time the wrong upon which

6

the claim is based was done regardless of the time when damage results").[1] Therefore, the statute of limitations for her § 1983 claims and state claims expired in November of 2018.

While Hart acknowledges the "elapsed" statute of limitations period in her premature motion for summary judgment (ECF No. 3), and suggests that her claims can be equitably tolled, equitable tolling is clearly not available here. Under Michigan law, an express statute of limitations—like the ones here—ordinarily cannot be equitably tolled. *See Wershe*, 112 F.4th at 371.[2] And the party seeking equitable tolling

---

[1] To the extent Plaintiff argues she is experiencing "continuous harm" from the incident, she failed to allege a time period associated with such harm, and in any event, the continuing tort doctrine has been abrogated in Michigan. *See Garg v. Macomb Cnty. Cmty. Mental Health Servs.*, 472 Mich. 263, 290 (2005), *opinion amended on denial of reh'g* (July 18, 2005) ("We conclude that the 'continuing violations' doctrine is contrary to the language of § 5805 and hold, therefore, that the doctrine has no continued place in the jurisprudence of this state.").

[2] Some Michigan courts have equitably saved time-barred claims when a "[p]laintiff's failure to comply with the applicable statute of limitations is the product of an understandable confusion about the legal nature of her claim, rather than a negligent failure to preserve her rights." *Bryant v. Oakpointe Villa Nursing Center, Inc.*, 471 Mich. 411, 432 (2004) ("[T]he procedural features of this case dictate that plaintiff should be permitted to proceed with her . . . claims" because the legal issue presented "is one that has troubled the bench and bar in Michigan, even in the wake of" additional caselaw); *Trentadue v. Buckler Lawn Sprinkler*, 479 Mich. 378, 406 (2007) ("[O]ur use of equity in *Bryant* is limited to those circumstances when the courts themselves have created confusion. In *Bryant*, the use of equity was appropriate because of 'the preexisting jumble of convoluted caselaw through which the plaintiff was forced to navigate.'") (citations omitted). No such confusion exists here.

bears the burden of proving entitlement to it. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

Here, Plaintiff became aware of her cause of action the moment the arrest occurred, but waited more than nine years before filing her complaint. Ignorance of the law alone is not sufficient to warrant equitable tolling. Equitable tolling is not appropriate here because Plaintiff did not diligently pursue her rights, offers no reasonable explanation for ignoring the filing requirement, and because Defendants "would be prejudiced due to the significant time that has lapsed." *Ferdynand v. Customs & Border Prot.*, No. 25-10863, 2025 WL 1296209, at *1 (E.D. Mich. May 4, 2025)(Edmunds, J.) (dismissing *pro se* complaint under § 1915(e)(2) for failure to follow filing requirement despite availability of equitable tolling).

Therefore, because the claims are time-barred, the Complaint must be dismissed with prejudice.[3]

---

[3] Other deficiencies exist in Plaintiff's Complaint, but they need not be addressed since the claims are time-barred. For instance, a plaintiff may not sue a city police department as a separate defendant under § 1983. And plaintiff has not pled that a government policy or custom caused, and was the "moving force" behind, the alleged constitutional violation, which is necessary to sue a city under § 1983. *Sova v. City of Mount Pleasant*, 142 F.3d 898, 904 (6th Cir. 1998). A single incident of alleged unconstitutional activity is not enough to establish a government policy, practice, or custom sufficient to render a municipality liable for damages under § 1983. Plaintiff requested information in a subsequent pleading titled "Demand for Payment" (ECF No. 2) regarding policy training for

## IV. CONCLUSION

For the foregoing reasons, Hart's *in forma pauperis* application is **DENIED** and the case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

Dated: December 15, 2025    /s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE

---

officers related to marijuana possession enforcement. But she did not reference any such policy in her Complaint and did not allege that marijuana enforcement was in any way related to the traffic stop. Furthermore, while Plaintiff alleges intentional infliction of emotional distress (IIED), she only states that the Defendants' actions caused her PTSD, she does not allege facts as to the manifestations of those symptoms. There are no descriptions of the actual traffic stop beyond the conclusory statement that Plaintiff was arrested without probable cause, nor are there any facts alleged amounting to extreme or outrageous conduct.

9